AMELIA J. ABBOTT, RESPONDENT, v. CHARLES A. MILLER ET AL., APPELLANTS.—41 S. W. (2d) 898.

Kansas City Court of Appeals. April 6, 1931.

278

*C. W. Prince* and *James N. Beery* for respondent.

*Henry S. Conrad, L. E. Durham* and *Hale Houts* for appellants.

CAMPBELL, C.—Plaintiff brought suit against Gregg Realty Company, its salesman Charles A. Miller, Kelly-Johnson Realty Company, and its salesman Herbert Kelly, for damages alleged to have been sustained as the result of false representations made during the course of a real estate transaction. The case was dismissed as to the last-named company.

Defendant Kelly was summoned but did not defend. Plaintiff obtained judgment for both actual and punitive damages against

all of the defendants who were served with process. From that judgment defendants Gregg Realty Company and Miller have appealed.

In July, 1924, the plaintiff owned an equity in an apartment building in Kansas City, and a Mrs. Luikhart owned an equity in a residence property in said city.

An exchange of the properties was proposed and effected. Throughout the negotiations Mrs. Luikhart was represented by the defendant Miller and the plaintiff was represented by the defendant Kelly.

It is averred in plaintiff's petition that Kelly falsely represented to her that the residence property had a reasonable market value of $12,000; that he falsely represented that the debt secured by the first deed of trust on that property would become due in the year 1928, and that the debt secured by the second deed of trust in the sum of $1600 (afterwards reduced to $1500 in order to correct an error), was payable at the rate of $50 per month; that he would obtain an additional loan of $3600 on the residence property; that he falsely represented that Mrs. Luikhart was willing to make an even exchange of her equity in said property for plaintiff's equity in the apartment, and concealed from plaintiff the fact that Mrs. Luikhart was to give a note in the sum of $1500 and to secure the same by a deed of trust on the apartment property.

It is further alleged that Kelly knew all of the representations so made by him were false and that he made them for the purpose of misleading and cheating the plaintiff; that plaintiff believed said representations were true, and was induced thereby to consummate the exchange; that in the perpetration of the fraud Kelly was acting in conspiracy with his co-defendants; that the $1500 note, executed by Mrs. Luikhart at the time the exchange was consummated, was converted by the defendants.

The evidence in plaintiff's behalf is that Kelly proposed the trade; that thereafter, and before the contract for exchange was made plaintiff and her son, an experienced business man, viewed the property for which she traded; that Kelly prepared a contract for the exchange of the equities which was read to and signed by plaintiff; that Kelly read it to her but no mention was made of the fact that it provided Mrs. Luikhart was to give a note; that Mrs. Luikhart did not sign that instrument; that Miller prepared another contract which, among other things, provided for the execution of the $1500 note or the payment of $600 cash at the option of Mrs. Luikhart, and which was signed by Mrs. Luikhart and by Kelly on behalf of plaintiff; that plaintiff did not see that contract until the exchange was completed; that deeds necessary to perform the contract were made, at which time Mrs. Luikhart executed the $1500 note and secured the same by a third deed of trust upon the property conveyed

to her; that the note, at the time of its making, did not contain the name of a payee; that Miller afterwards wrote in the name of Frank D. Sweeney as payee, and then wrote the name of said Sweeney on the back of the note; that Kelly and Miller endeavored to sell the note, failed to do so, and Kelly released the deed of trust securing it; that plaintiff did not know the note was to be made or that it had been made until two months thereafter; that Mrs. Luikhart brought suit against all of the defendants in this case to recover damages for false representations made to her; that while that suit was pending she requested Mr. Gregg, of the Gregg Realty Company, to give the $1500 note to her. He replied, "why should I give you the note when there is a law suit pending against us?"

At the trial plaintiff introduced the note in evidence. How it came into her possession is not shown.

There is no evidence that Miller or anyone else connected with the Gregg Realty Company made any statements or representations to plaintiff, or that Kelly or any other person connected with his company made any representations or statements to Mrs. Luikhart.

It is therefore evident that plaintiff was not entitled to recover against either of the appealing defendants unless the evidence reveals that Kelly was guilty of actionable fraud, and that one or both of said defendants conspired with him in the perpetration thereof.

The representations of value made by Kelly were, in the circumstances shown, merely the expression of an opinion and not actionable. Moreover, plaintiff and her son, a man of experience, and who assisted her in the trade, viewed the property and knew or had opportunity to know its reasonable value.

The representations made by Kelly as to the due date of the encumbrances were false, and he knew them to be false. The contract signed by him on behalf of plaintiff so shows. Such representations are statements of fact as distinguished from an opinion, were material, and if relied and acted upon by plaintiff, to her injury, are actionable.

The statement of Kelly that the trade was an even one was shown to be false.

The failure of Kelly, if he did fail to reveal to his employer that Mrs. Luikhart had executed the $1500 note, was both a legal and a moral fraud. There is evidence that he converted the note, and it follows that if he did convert it, any one who aided or assisted him, in the conversion thereof is liable to plaintiff for its value.

The statement of Kelly that he would obtain a loan for $3600, the evidence considered, is not actionable. A note for that amount was made by plaintiff, and thereafter her son, as well as Kelly, endeavored to sell it. It is not shown that the failure to sell the note damaged the plaintiff. There is neither pleading nor proof that

the misrepresentation of Kelly as to the maturity of the debts secured by the deeds of trust resulted in injury to plaintiff. Fraudulent representations, without injury, are not actionable. [Epps v. Duckett, 284 Mo. 132, 142, 223 S. W. 572; Harleson v. Tyler, 281 Mo. 383, 399, 219 S. W. 908.]

It is clear the only recovery sought by plaintiff is for the loss of the benefits of her bargain, which is alleged to be the difference between the actual value of the residence property and the represented value thereof in the sum of $4863, and for the value of the $1500 note. In seeking to recover the value of the note, plaintiff has affirmed the act of her agent Kelly in obtaining it. Recovery, therefore, can be allowed only upon the theory that she was the owner thereof and that the defendants converted it to their own use. It could not be claimed that obtaining the note resulted in damage to plaintiff. In fact, she claims in this action, that she has the right to recover the face value of the note, thus giving to her $1500 more than she intended to bargain for.

Upon this holding, the only remaining question is the alleged conversion of the note. In order to maintain the action for the conversion of the note, it is necessary for plaintiff to show that she had the right to the possession thereof at the time of the conversion. Possession, or the right to possession by plaintiff, is a prerequisite to recovery for conversion, ownership being insufficient. [St. Louis v. Glancy, 294 Mo. 438, 457, 242 S. W. 392.] When plaintiff's agent Kelly procured the execution of the note she thereupon, if she ratified the act of Kelly in procuring it, became the owner and entitled to the possession thereof.

The defendant Gregg Realty Company presents only one assignment of error, and that is that its request for a directed verdict should have been given. The defendant Miller presents a like assignment, and other assignments which will hereafter be stated. We will first dispose of the assignment of error of the Gregg Realty Company.

It is shown Mrs. Luikhart brought suit against all of the defendants in this case to recover damages for false representations made in the course of the transaction. She recovered judgment, and the appealing defendants in this case appealed therefrom to the Supreme Court of Missouri. An opinion was recently handed down in that court, reversing and remanding the cause.

In the trial of the Mrs. Luikhart case, both Kelly and Miller testified.

The evidence so given by Kelly was introduced in this case by plaintiff as an admission against him, and is not to be considered as against any other defendant.

The evidence so given by Miller was also introduced in this case

by plaintiff as an admission against him, and is not to be considered as against any other defendant.

In the court below both parties tried the case upon the theory that the said evidence of Kelly and the said evidence of Miller was not admissible as against the Gregg Realty Company.

The case is presented in this court upon the same theory, as appears from a statement in respondent's brief as follows:

"Therefore their admissions (Kelly and Miller) herein are binding against them only, and we shall not attempt to use them in our discussion of the liability of the Gregg Company."

It is apparent the evidence may reveal that the Gregg Realty Company was entitled to a directed verdict and' that the defendant Miller was not entitled to a like instruction.

Apart from the evidence of Kelly and Miller, which we cannot consider as against the Gregg Realty Company, we do not find any evidence that that Company aided or assisted in the conversion of the note.

It is insisted by respondent that the evidence showing that the Gregg Realty Company caused the deed of trust securing the $1500 note to be filed for recording is a circumstance tending to show that it conspired with Kelly. The act was according to custom and not legally sufficient to show either fraud or conspiracy.

It is also insisted by respondent that the failure of Mr. Gregg to comply with the request of Mrs. Luikhart to give the note to her, is evidence that the Gregg Realty Company fraudulently conspired with Kelly. At the time the request was made Mrs. Luikhart's suit was pending. Upon plaintiff's theory the note did not belong to Mrs. Luikhart. If it was ever her obligation it remained so. The fact that Kelly wrongfully released the deed of trust of record, did not relieve her from personal liability on the note. Even if the Gregg Realty Company had the note (and whether it did have it is not clear), the failure to comply with the request was not wrongful.

It is plaintiff's claim the conversion of the note was fraudulent and the result of a conspiracy. Neither fraud nor conspiracy are ever presumed. It has been said "where the transaction under consideration may as well consist with honesty and fair dealing, as with a fraudulent purpose, it is to be referred to the better motive." [Jones v. Nichols, 280 Mo. 653, 664, 214 S. W. 962; Walsh v. Walsh, 285 Mo. 181, 206, 226 S. W. 236.]

Eliminating, as we must, as against the Gregg Realty Company, the evidence of Kelly and the evidence of Miller, we find nothing to show that the acts of the Gregg Realty Company were not as consistent with honesty and good faith as with a fraudulent purpose.

Before plaintiff was entitled to recover it was necessary that she make out her case "by clear and convincing evidence." [Walsh case,

supra.] This she failed to do, and the request of the Gregg Realty Company for a directed verdict should have been granted.

Was it error to refuse the request of the defendant Miller for a directed verdict? We think not. There are sufficient facts and circumstances in evidence to warrant the court in submitting to the jury the question as to whether he aided and asisted in the conversion of the note. It appears from his evidence, given in the Mrs. Luikhart trial, that after the note was made he filled in the name of the payee, indorsed the note, and endeavored to sell it. It may be that in so doing he acted in good faith, merely following the directions of Kelly, but the question of good faith is for the jury and not for the court. It is also insisted the verdict should have been directed in his behalf because there is no evidence that the $1500 note had any value. We cannot allow that contention. There is an inference that the note was worth its face. [Woolf v. Berning, 74 Mo. 87, 98.]

It is true the contract provided that Mrs. Luikhart had the option to pay $600 in cash or execute the $1500 note, and that she chose to execute the note. From this it is argued that the note is without value. There is no evidence that Mrs. Luikhart did not have earning capacity or that she did not possess property. Even if she was insolvent, we could not say as a matter of law that the note was valueless. [Dahler v. Meistrell, 24 S. W. (2d) 238, 241.]

Defendant Miller assigned error in the giving of instructions 1 and 2 for the plaintiff.

Instruction 1 allowed a recovery by plaintiff in event conspiracy was shown and that any one or all of the statements made by Kelly were false. The instruction is erroneous.

Instruction 2 allowed the plaintiff to recover such sum as will "reasonably compensate her for the loss, if any, that she has sustained because of the acts and things complained of," and to recover the difference between the actual and the represented value and to recover punitive damages if the conduct of the defendant "as set forth in the evidence was willful, wanton, fraudulent or intentional." The instruction was erroneous in all of the particulars referred to.

What he have said disposes of all other criticisms of the instructions given and refused.

Judgment below is reversed and the cause remanded. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. Judgment below is reversed and the cause remanded. All concur, except *Trimble, P. J.,* absent.