**FALLIN v. ROE et al.**

No. 1304.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 26, 1953.

Decided Feb. 17, 1953.

650

Herman Miller, Washington, D. C., for appellant.

Thomas S. Jackson, Washington, D. C., with whom Louis M. Denit, Martin R. Fain and P. Baxter Davis, Washington, D. C., were on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

■ Appellees, Mr. and Mrs. Roe, were the owners of certain real estate in Prince George's County, Maryland, and desiring to sell, engaged appellant Fallin, a real estate broker, to find a purchaser. Thereafter Fallin reported to them that he had a purchaser, one Ernest, who would pay $9,950, but later he reported that the sale to Ernest had fallen through. He then presented to them an offer of one J. M. Powers to buy for $7,700. They accepted this offer and shortly after consummation of sale to Powers learned that Powers, who was in fact Fallin's wife, had acted merely as a straw party for Fallin and that Fallin had resold the property to Ernest for $9,950. The Roes then sued Fallin for an accounting of the profits realized by him or in the alternative for $2,250, the difference between the price at which they sold and the price at which he resold. The trial court awarded them judgment for $1,905.-20.[1] The broker has appealed and questions only the amount of damages awarded appellees.

The established rule is that if an agent to sell effects a sale to himself without full disclosure of the facts to his principal, and then resells, such agent is accountable to the principal for the profit realized on the resale.[2] The broker concedes this rule of law but contends there was no proof of the amount of profit he realized. He argues that the difference between the price at which he bought and the price at which he sold does not represent profit in

1. When settlement of the contract between the Roes and Powers was effected, the Roes received cash of $244.80 and a credit of $100 on account of a loan or advance by Fallin. It is evident that the trial judge deducted these two sums from $2,250 in arriving at the amount of the judgment.

The Roes say these deductions were improper but they took no cross-appeal and the propriety of the deductions is not before us.

2. Robertson v. Chapman, 152 U.S. 673, 681, 14 S.Ct. 741, 38 L.Ed. 592; Annotation, 62 A.L.R. 63, 71.

dollars and cents. His argument is based on the fact that in his sale to Ernest he received as part of the purchase price a second trust note for $2,984.12 signed by Ernest and his son, and he contends there was no proof of the value of this note.

█ It is a well settled rule that in an action for conversion of a promissory note or like evidence of indebtedness, the actual value of the note is prima facie its face value and the burden is on the defendant to show that the actual value is less than the face value.[3] We see no reason why the same rule should not apply in the case of an unfaithful agent called on for an accounting of his profits.[4] Applying this rule the actual value of the note in this case was presumably its face value and the burden was on appellant to show otherwise. The only evidence he offered on this subject was on cross-examination of a settlement clerk from the title company in whose office the transaction was closed. This witness was asked: "From your experience and the number of transactions you've had, how much would you say that the ordinary price of this second trust would be?" His answer was: "Well, I can only give an estimate: around fifty cents on the dollar."

█ Assuming the settlement clerk was sufficiently qualified to give opinion evidence on the subject, it is clear from the record that he was testifying only in a very general way and without any specific knowledge of this particular note. There is no evidence that the witness was acquainted with the value of the property which secured the note or that he had any knowledge of the financial responsibility of the makers of the note. We do not think the trial court was compelled to find that this testimony overcame the presumption that the note was worth its face value. Rarely is expert testimony as to value binding on the trier of the facts.[5]

Affirmed.

3. Pierce v. National Bank of Commerce, 8 Cir., 13 F.2d 40, 45, certiorari denied, 273 U.S. 730, 47 S.Ct. 240, 71 L.Ed. 863.

4. See Abbott v. Miller, 226 Mo.App. 277, 41 S.W.2d 898; McNeill v. Dobson-Bainbridge Realty Co., 184 Tenn. 99, 195 S.W.2d 626.

5. Urciolo v. Sachs, D.C.Mun.App., 62 A.2d 308.